IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUILDERS SUPPLY CO., INC. | ) | 8:13CV161 |
| EMPLOYEE STOCK OWNERSHIP | ) | |
| PLAN, and BUILDERS SUPPLY | ) | MEMORANDUM AND ORDER ON |
| CO., INC., Plan Administrator, | ) | THE PLAINTIFFS' MOTION FOR |
| | ) | ENTRY OF DEFAULT AND |
| Plaintiffs, | ) | DEFAULT JUDGMENT |
| | ) | |
| v. | ) | |
| | ) | |
| LINDSAY A. NELSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 13, 2013, Builders Supply Co., Inc. Employee Stock Ownership
Plan (the Plan) and Plan Administrator Builders Supply Co., Inc. (the Administrator)
(collectively, the plaintiffs) filed a motion for entry of default and for a default
judgment against Lindsay A. Nelson (Nelson).  (ECF No. 15.)  For the following
reasons, I shall direct the clerk to enter Nelson's default, and I shall resolve the
plaintiffs' motion for a default judgment after Nelson's default has been entered.

## I.   BACKGROUND

The Plan is an employee pension plan under the Employee Retirement Income
Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.  (Compl. ¶ 4, ECF No. 1;
Goerke Aff. ¶ 2, ECF No. 16-1.)  The Administrator administers the Plan, and it is a
fiduciary of the Plan under ERISA.  (Compl. ¶ 4, ECF No. 1.)  At all material times,
Nelson was a beneficiary under the Plan, and he is a resident of Nebraska.  (Id. ¶ 5.)

On May 22, 2013, the plaintiffs filed a four-count complaint against Nelson. (See generally Compl., ECF No. 1.)  The plaintiffs allege that on or about September 11, 2011, they issued a distribution to Nelson in the net amount of $28,682.21, but this distribution included an overpayment of $22,500.00.  (Id. ¶ 6.)  They allege further that Nelson's ex-spouse was awarded a share of Nelson's benefit account in a Qualified Domestic Relations Order (QDRO) entered by the District Court of Douglas County, Nebraska, on July 20, 2009, and that the amount of the ex-spouse's share equaled the amount of the overpayment to Nelson.  (Id. ¶ 7.  See also Compl. Ex. B, ECF No. 1-2.)  On November 30, 2012, the plaintiffs' attorney mailed a letter to Nelson stating that Nelson's ex-spouse was entitled to a net distribution in the amount of $22,500.00; that the plaintiffs erroneously sent the ex-spouse's distribution to Nelson; that Nelson had not transferred the $22,500.00 distribution to his ex-spouse; that Nelson was ignoring requests for cooperation from the plaintiffs; and that the plaintiffs would take legal action against Nelson if he failed to respond to the letter within seven days.  (Compl. ¶ 9, ECF No. 1; see also Compl. Ex. C, ECF No. 1-3.)  Nelson did not respond to any of the plaintiffs' requests for the return of the overpayment.  (Compl. ¶ 10, ECF No. 1.)

Count I of the complaint, which is titled "Equitable Relief for Return of the Overpayment Amount," alleges that "Plaintiffs are entitled to judgment ordering Nelson to return the Overpayment Amount to Plaintiffs . . . as a matter of equity pursuant to the provisions of 29 U.S.C. § 1132(a)(3)."  (Compl. ¶ 12, ECF No. 1.)  Count II, titled "Constructive Trust," alleges that "Plaintiffs are entitled to judgment imposing a constructive trust over the Overpayment Amount, including any proceeds and assets derived therefrom, for the benefit of Plaintiffs, as a matter of equity pursuant to the provisions of 29 U.S.C. § 1132(a)(3)."  (Compl. ¶ 14, ECF No. 1.)

2

Count III, titled "Accounting," alleges that "Plaintiffs are entitled to an accounting from Nelson as to the location and any disposition of the Overpayment Amount, together with any proceeds or other assets derived therefrom, as a matter of equity pursuant to the provisions of 29 U.S.C. § 1132(a)(3)." (Compl. ¶ 16, ECF No. 1.) Count IV, titled "Temporary Restraining Order and Preliminary Injunction," alleges that "Plaintiffs are entitled to a temporary restraining order and preliminary injunction prohibiting and enjoining Nelson from disposing of the Overpayment Amount and any proceeds or assets derived therefrom until a final determination is made with respect to Plaintiffs' claims in this action, as a matter of equity pursuant to the provisions of 29 U.S.C. § 1132(a)(3)." (Compl. ¶ 18, ECF No. 1.) In addition to the relief requested in Counts I-IV, the plaintiffs seek an award of costs and attorney's fees. (Id. ¶ 19.E.)

A summons was issued to Nelson on May 23, 2013. (ECF No. 4.) The summons was returned unexecuted on July 10, 2013, with a note indicating that service by certified mail was attempted twice, but both mailings were returned as "unclaimed." (E.g., Proof of Service at 2, ECF No. 8.) On August 6, 2013, the plaintiffs moved for leave to serve Nelson by publication. (ECF No. 9.) This motion was granted on August 12, 2013. (ECF No. 10.)

On September 26, 2013, October 3, 2013, and October 10, 2013, legal notice of the plaintiffs' complaint was published in The Daily Record of Omaha. (Noren Aff. ¶ 2, ECF No. 14; see also Noren Aff. Ex. A, ECF No. 14-1.)[1] To date, Nelson has failed to answer or otherwise respond to the complaint.

---

[1] On September 22, 2013, the plaintiffs received an extension of time within which to effect service of process upon Nelson. (ECF No. 13. See also ECF Nos. 11-12.)

## II.   STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id.


## III.   ANALYSIS

"When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) (citation omitted). See also Fraserside IP L.L.C. v. Youngtek Solutions, Ltd., 796 F. Supp. 2d 946 (N.D. Iowa 2011) ("In short, . . . Rule 55 'requires two steps before entry of default judgment: first, pursuant to Fed. R. Civ. P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed. R. Civ. P. 55(b), the moving party may

seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.'" (citation omitted)).

I find that the plaintiffs have shown that service of process has been accomplished by publication, and Nelson failed to plead or otherwise defend within the time period allowed under the Federal Rules of Civil Procedure. The clerk is therefore directed to enter Nelson's default.

Because Nelson's default has not yet been entered, I cannot enter a default judgment at this time. Within twenty days of the clerk's entry of default, Nelson may attempt to establish good cause for setting aside the default. See, e.g., Fed. R. Civ. P. 55(c). If Nelson fails to respond before this deadline, I will proceed to analyze and resolve the plaintiffs' motion for default judgment without further notice.[2]

**IT IS ORDERED** that:

1.      the clerk is directed to enter Lindsay A. Nelson's default;

2.      Lindsay A. Nelson shall have twenty days from the date of the clerk's entry of default within which to establish good cause for setting aside the default;

3.      the clerk is directed to send a copy of its entry of default, together with a copy of this memorandum and order, to the following address: Lindsay A. Nelson, 401 4th St., Apt. #1, Box 23, Yutan, NE 68073;

---

[2] The plaintiffs need not refile their motion for default judgment.

4.      as explained in the memorandum accompanying this order, the plaintiffs' motion for default judgment will be resolved after Nelson has had an opportunity to contest the clerk's entry of default.

Dated November 19, 2013.

BY THE COURT

Warren K. Urbom
United States Senior District Judge