IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUILDERS SUPPLY CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN, and BUILDERS SUPPLY CO., INC., Plan Administrator, | ) ) ) ) ) ) ) ) ) ) ) ) | 8:13CV161 |
| Plaintiffs, | | MEMORANDUM AND ORDER ON THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |
| v. | | |
| LINDSAY A. NELSON, | | |
| Defendant. | | |

On November 13, 2013, Builders Supply Co., Inc. Employee Stock Ownership Plan (the Plan) and Plan Administrator Builders Supply Co., Inc. (the Administrator) (collectively, the plaintiffs) filed a motion for entry of default and for a default judgment against Lindsay A. Nelson (Nelson). (ECF No. 15.) On November 19, 2013, I directed the clerk to enter Nelson's default, and I granted Nelson twenty days within which to attempt to establish good cause for setting aside the default. (ECF No. 17.)

More than twenty days have now passed since the clerk entered Nelson's default, (ECF No. 18), and Nelson has not responded. I shall therefore proceed to analyze the plaintiffs' motion for a default judgment.

**I.   BACKGROUND**

The relevant background is set forth in my memorandum of November 19,

1

2013, and need not be repeated here in full. Briefly, the Plan is an employee pension plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. (Compl. ¶ 4, ECF No. 1; Pls.' Br., Ex. 1, Goerke Aff. ¶ 2, ECF No. 16-1.) The Administrator is a fiduciary of the Plan, (Compl. ¶ 4, ECF No. 1), and Nelson was a beneficiary of the Plan, (id. ¶ 5). The plaintiffs allege that on September 11, 2011, they erroneously made a $22,500.00 payment to Nelson that ought to have been made to Nelson's ex-spouse under the terms of a Qualified Domestic Relations Order (QDRO). (Id. ¶¶ 6-7.) Nelson ignored the plaintiffs' requests for the return of the overpayment, (id. ¶¶ 9-10), and he has failed to appear in and defend the instant action, (see generally ECF No. 17). As noted previously, the clerk entered Nelson's default on November 19, 2013, (ECF No. 18), and Nelson has not attempted to set aside the default.

## II. STANDARD OF REVIEW

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id.

### III.  ANALYSIS

The plaintiffs have submitted evidence that Nelson is neither a minor nor an "incapacitated person." (Pls.' Br., Ex. 2, Noren Aff. ¶ 4.) There is no indication that Nelson is "an incompetent person," and the plaintiffs assert that he is neither currently deployed nor actively serving in the military. (Id.)

The plaintiffs claim that they are entitled to recover damages in the amount of $22,500.00 due to Nelson's failure to return the overpayment; attorneys' fees in the amount of $5,314.00; and costs in the amount of $553.84. The total amount claimed is $28,367.84.

I find that the plaintiffs' request for $22,500.00 in damages is well-supported by the evidence in the record. (See Pls.' Br., Ex. 1, Goerke Aff. ¶¶ 3-5 & Exs. A-B, ECF No. 16-1 to 16-3.) There is no need for a hearing to determine the amount of damages owed or to investigate any other matter. Judgment will be entered in the plaintiffs' favor in the amount of $22,500.00.

The plaintiffs cite ERISA section 502(g)(1), 29 U.S.C. § 1132(g)(1), in support of their request for attorneys' fees and costs. (See Pls.' Br. at 4, ECF No. 16.) Section 502(g)(1) states, "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Courts are to consider the following factors when exercising their discretion under section 502(g)(1):

> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5)

the relative merits of the parties' positions.

Eisenrich v. Minneapolis Retail Meat Cutters and Food Handlers Pension Plan, 574 F.3d 644, 651 (8th Cir. 2009) (quoting Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966, 969 n.4 (8th Cir. 2002)). This list of factors is not exclusive; "district courts should use the factors and other relevant considerations as general guidelines for determining when a fee is appropriate." Martin, 299 F.3d at 972. Importantly, "[t]here is no presumption in favor of awarding attorney fees to a prevailing ERISA party." West v. Local 710, International Brotherhood of Teamsters Pension Plan, 528 F.3d 1082, 1086-87 (8th Cir. 2008) (citing Martin, 299 F.3d at 972).

The plaintiffs have submitted evidence showing that the amounts of their requests for attorneys' fees and costs are reasonable. (See Pls.' Br., Ex. 2, Noren Aff. ¶¶ 5-12 & Exs. A-C, ECF Nos. 16-4 to 16-7.) However, they have not provided me with evidence showing that I should exercise my discretion to award fees and costs under section 502(g)(1). I find, therefore, that the plaintiffs are not entitled to a judgment for attorneys' fees and costs. I note in passing that this finding does not preclude the plaintiffs from filing post-judgment motions or applications for fees, for costs, or for an amended judgment (in accordance with all applicable rules).

**IT IS ORDERED** that the plaintiffs' motion for a default judgment is granted in part. Judgment will be entered in the plaintiffs' favor, and against the defendant, in the amount of $22,500.00.

Dated December 19, 2013.

BY THE COURT

_/s/ Warren K. Urbom_____

Warren K. Urbom
United States Senior District Judge

4